James CUMBO, Appellee,

v.

Frank A. EYMAN, Warden, Arizona State Prison, Appellant.

No. 23097.

United States Court of Appeals
Ninth Circuit.

April 7, 1969.

Narval C. Jesperson (argued), Asst. Atty. Gen., Gary K. Nelson, Atty. Gen., Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, Ariz., for appellant.

Pano Stephens (argued), San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and CARTER, Circuit Judges.

PER CURIAM:

In this habeas corpus proceeding brought in the district court by James Cumbo, an inmate of Arizona State Prison, the district court declared void, and vacated, the sentence imposed by the state trial court. The district court ordered Cumbo remanded to the custody of the Attorney General of the State of Arizona so that Cumbo could be resentenced. The warden appeals.

Apparently the district court was not made aware of the fact that Cumbo had not exhausted his state remedies. Cumbo's appeal from his state conviction was then pending in the Arizona Court of Appeals, Division One. State v. Cumbo, 451 P.2d 333. On March 4, 1969, while this appeal was pending, that court reversed Cumbo's conviction. It is not now known whether Cumbo will be retried by the State of Arizona or, if retried, whether he will again be convicted or, if again convicted, whether the sentence imposed will be subject to the same challenge which led the district court to grant relief in this habeas proceeding.

Under these circumstances this habeas proceeding has been rendered moot. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, relied upon by Cumbo, does not call for a different result. In *Carafas* it was held that satisfaction of the sentence did not moot a pending habeas proceeding because there may be continuing burdens and disabilities resulting from the conviction. Here, however, the conviction has been set aside and no continuing burdens and disabilities can flow therefrom.

The order under review is set aside and the cause is remanded to the district court with directions to dismiss the proceeding as moot.