**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Raymond Carl SKEET,
Defendant-Appellant.**

**CA 81–1061.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1981.

Decided Jan. 15, 1982.

Tom O'Toole, Phoenix, Ariz., for plaintiff-appellee.

Roslyn O. Moore, Asst. U. S. Atty., Phoenix, Ariz., for defendant-appellant.

Before GOODWIN and HUG, Circuit Judges, and KELLAM *, Senior District Judge.

KELLAM, Senior District Judge:

Tried to the jury Raymond Carl Skeet (Raymond) was convicted of assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113(f) and 1153. The victim of Raymond's assault was his brother, Robert Skeet (Robert).

I.

Raymond, Robert, Jasper Walker (Walker) and Robert's commonlaw wife, Shirley, had spent Saturday morning visiting bars. They returned home to the Navajo Reservation about noon. All were intoxicated except Shirley. There had been some argument between the parties. Upon returning home, Raymond, an ex-Navajo Tribal police officer, went into the hogan and loaded his police revolver. He told Shirley they were laughing about him and he would show what he could do. Robert and Walker were out in front of the hogan working on a pickup truck; Raymond walked out of the hogan and fired three or four shots. Shirley was returning from an outhouse when Raymond pointed the gun at her and told her to "Get over here, damn it." [Tr. of Ev. p. 136]. She called for her husband Robert.

He came over and stood next to her, and told Raymond to put the gun away. Raymond had been pointing the gun at Shirley, and when Robert spoke to him, Raymond fired a shot between Robert and Shirley. Robert tried to grab the pistol from Raymond, but Raymond moved back, and Robert struck him in the mouth. Raymond moved back and appeared to trip on some fence posts. As he did he shot striking Robert in the neck. Raymond contended that the facts showed that as he was backing away he stumbled and fell backwards over some metal fence posts that were lying on the ground behind him, and that as he was falling backwards the gun went off. He did not fall to the ground. The prosecution contended that the evidence is clear that while Raymond did stagger backwards he never fell, and was standing on both feet when he fired the gun. Robert was shot in the neck and fell to the ground. When arrested by a police officer, Raymond told the officer he had shot his brother, and that he was lying in front of the hogan. He was read his rights, after which Raymond said he could have easily shot and killed his brother if he had wanted to, but he elected to teach him a lesson, that he only wanted to inflict a small wound on him, that he shot him only with the intention of inflicting a small wound on him. Upon a subsequent questioning he related he and Robert had been fighting and scuffling; that Robert reached out and grabbed his hand, trying to pull the gun away, and that as he was pulling the gun away, it discharged accidentally. Robert testified he never touched the gun. He told quite a different story. There is no question that Robert was seriously injured, as defendant never contested this fact. Defendant did not testify or present evidence.

At trial Raymond unsuccessfully sought to elicit from Robert and Shirley their opinion as to whether the shooting was accidental. The Court declined to admit such opinions and defendant noted his objection.

* The Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, sitting by designation.

## II.

In his appeal, Raymond raises three issues:

1. Do Rules 701 and 704 of the Federal Rules of Evidence permit a defendant to present evidence of whether a shooting was accidental?

2. Was the Court's charge defining assault erroneous?

3. Was the defendant entitled to have the jury charged on lesser included offenses defined in 18 U.S.C. § 113(d) of assault by striking, beating or wounding (a misdemeanor) and § 113(e) of simple assault (a misdemeanor)?

### A.

United States raises the point that Raymond did not offer proof of the substance of the rejected testimony. However, the record shows clearly proof was offered and exception taken and that all parties knew the substance of the rejected testimony.

Turning to the first issue, Rule 701 of the Federal Rules of Evidence provides:

Rule 701.  Opinion Testimony by Lay Witnesses

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Rule 704 merely provides that testimony of opinions or inferences otherwise admissible is not objectionable because it embraces an issue to be decided by the jury.

We commence with the proposition that the trial court's rejection of such testimony is not to be overruled absent a showing of clear abuse. *United States v. Butcher*, 557 F.2d 666 at 670 (9th Cir. 1977); *United States v. Tsinnijinnie*, 601 F.2d 1035 (9th Cir. 1979).

The admissibility of such testimony is governed by whether the opinion is (a) rationally based on the perception of the witness, and (b) is helpful to a clear understanding of his testimony or the determination of a fact in issue.

Opinions of non-experts may be admitted where the facts could not otherwise be adequately presented or described to the jury in such a way as to enable the jury to form an opinion or reach an intelligent conclusion. If it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinions based upon what he observed. It is a means of conveying to the jury what the witness has seen or heard. If the jury can be put into a position of equal vantage with the witness for drawing the opinion, then the witness may not give an opinion. Because it is sometimes difficult to describe the mental or physical condition of a person, his character or reputation, the emotions manifest by his acts; speed of a moving object or other things that arise in a day to day observation of lay witnesses; things that are of common occurrence and observation, such as size, heights, odors, flavors, color, heat, and so on; witnesses may relate their opinions or conclusions of what they observed.

The testimony to be admissible must be "predicated upon concrete facts within their own observation and recollection—that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 847–48 (10th Cir. 1979). *See also United States v. Brown*, 540 F.2d 1048, 1053 (10th Cir. 1976), *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977). The question of whether or not a "lay witness is qualified to testify as to any matter of opinion is a preliminary determination within the sound discretion of the trial court whose decision must be upheld unless shown to be clearly erroneous or a clear result of an abuse of

judicial discretion." *Id. See also Cardwell v. C & O Ry. Co.*, 504 F.2d 444 (6th Cir. 1974). "A certain latitude may rightly be given the Court in permitting a witness on direct examination to testify as to his conclusions, based on common knowledge or experience." *United States v. Trenton Potteries Co.*, 273 U.S. 392, 407, 47 S.Ct. 377, 383, 71 L.Ed. 700 (1927).

■ There was no error in the trial court's ruling.

## B.

The question of alleged error in the charge to the jury and of whether the jury should have been charged on a lesser included offense will be treated together.

Before this Court the defendant contends that the jury could have found from the evidence that there were two separate assaults. The first when Raymond shot between Robert and Shirley. No one was struck by that shot, and hence there was no battery. For that shooting there could be no finding of guilt of the offense as charged in the indictment, namely of an assault resulting in serious bodily injury. The second assault, defendant says, occurred when the shot was fired which struck and injured Robert, causing him serious bodily injury. This would permit a conviction of the charge as set out in the indictment. This shooting occurred as Robert was attempting to take the gun from Raymond and as Raymond, while backing away, tripped. Raymond asserted it was accidental.

He therefore contends that the Court erred in the charge to the jury in setting forth the elements of the offense of assault and in not giving a charge on the lesser included offense.

In the charge to the jury, defining assault, the Court said—

Now assault is defined as a willful attempt to inflict injury upon the person of

another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

■ Defendant agrees that the above definition of an assault was correct, but he complains of the addition and explanation of assault and particularly that portion of the charge which said that "fear on the part of the victim is not an essential element of the crime of assault." [Tr. of Rec. p. 246]. He says this was clearly erroneous. The Court's charge that an assault is (1) "a willful attempt to inflict injury upon the person of another," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm," is in accord with *United States v. Dupree*, 544 F.2d 1050, 1052 (9th Cir. 1976), and *United States v. Rizzo*, 409 F.2d 400, 402–403 (9th Cir. 1969), and is the law in this Circuit.[1] There is no question that a willful attempt to inflict injury may be established by a willful infliction of the injury, for proof of a battery will support conviction of an assault." *United States v. Dupree, supra. See also Miller v. United States*, 207 F.2d 33 (D.C.Cir.1953).

■ Here, no one disputes that Robert was injured as a result of a shot fired by Raymond. The issue is whether it was intentionally fired or fired accidentally. Defendant contended it was fired accidentally as he was backing away from Raymond's attempt to grab the pistol and that he fell when he tripped over some fence posts. There was ample evidence from which the jury could have found the shot was fired intentionally. But, there was also evidence from which the jury could have found the shot which struck Robert was fired accidentally. If the jury had found that the shot which struck Robert was fired accidentally, then defendant could not have been convict-

---

1. While some decisions hold that fear on the part of the victim is not a necessary element, *U.S. v. Bell*, 505 F.2d 539, 541 (7th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1357, 43 L.Ed.2d 442; *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974); this is not the test in the Ninth Circuit.

ed of the offense described in the indictment.

The second ground upon which the defendant might have been found guilty of an assault requires only a willful threat to inflict injury and which, when coupled with an apparent present ability, *causes a reasonable apprehension of immediate bodily harm.* This does not require proof that Raymond intended to shoot Robert, but only that he intended to threaten him, and that the threat caused Robert to fear immediate bodily harm. Raymond contended he fired this shot to scare Robert. Whether true or not, Robert said he had no fear. If the jury believed this, or found it as a fact, there could have been no conviction of an assault from the firing of this shot.

The statement in the charge that "fear on the part of the victim is not an essential element of the crime of assault" was an erroneous statement as to the first alleged assault, although a proper one as to the second alleged assault.

Though this Court may find it difficult to believe that Robert had no fear at the firing of the shot between him and Shirley, it was a question of fact for the jury to determine.

Where under the facts of a case, as here, the jury could find a defendant guilty of either one of two assaults, the jury must be charged on the elements and definition of each.

The United States contends there was but one assault which was a continuing one. What has been said before establishes that the jury could have found that the shot fired between Robert and Shirley constituted only a simple assault as provided for in the statute, and that an instruction on the lesser included offense should have been given.

The judgment is therefore reversed and the case remanded for a new trial.