786 F.2d 1165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARL O. McFALL, Petitioner-Appellant
v.
JOHN D. REES, WARDEN, Respondent-Appellee.
 85-5917
 United States Court of Appeals, Sixth Circuit.
 2/6/86
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and GUY, Circuit Judges, and TAYLOR, District Judge*.
 
 
 3
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Earl McFall is appealing the denial of his petition for habeas corpus relief, 28 U.S.C. Sec. 2255. The district court accepted the report and recommendation of United States Magistrate, George J. Long, in holding that the appellant's action is moot. The appellant is presently serving a 65-year sentence in a Kentucky prison. He stands convicted of first degree Sodomy, first degree Robbery, first degree Burglary and Criminal Facilitation. He was also convicted of first degree Pers stent Felony Offender. The persistent felony conviction, however, did not stand as the Kentucky Supreme Court reversed that aspect of the appellant's conviction.
 
 
 5
 The appellant's claim revolves around a post-conviction proceeding, filed pursuant to Rule 11.42, Kentucky Rules of Criminal Procedure, in the Kentucky courts. The appellant challenged his Persistent Felony Offender conviction on the basis of ineffective assistance of counsel. The issue set forth in his habeas corpus petition is whether his rights in the post-conviction proceeding were prejudiced because his appointed counsel was burdened with a conflict of interest. The conflict of interest argument arises because counsel in the post-conviction proceeding and the trial counsel worked out of the same public defender's office. The point of appellant's claim is that the post-conviction counsel was placed in the awkward position of prosecuting an ineffective assistance of counsel claim against a member of his own office.
 
 
 6
 It is apparent that the appellant's claim is moot. The Kentucky Supreme Court reversed the appellant's Persistent Felony Offender conviction, and he can suffer no adverse consequences from that conviction. Therefore, alleged errors concerning ineffective assistance of counsel in the Persistent Felony Offender proceeding are of no consequence. The conflict of interest claim arose directly from his challenge of the Persistent Felony Officer conviction. The district court correctly dismissed the action. Cumbo. v. Eyman, 409 F.2d 400 (9th Cir. 1969); Hunt v. Eyman, 405 F.2d 384 (9th Cir. 1968), cert. denied, 394 U.S. 1020 (1969).
 
 
 7
 Accordingly, it is ORDERED that the motion for counsel be denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation