**UNITED STATES of America, Plaintiff,**

v.

**Charles FRANK and Moses Tootick, Defendants.**

**Crim. No. 89–221–FR.**

United States District Court,
D. Oregon.

Jan. 11, 1990.

Charles H. Turner, U.S. Atty., and William M. Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff.

Steven T. Wax, Federal Defender, and Stephen Sady, Asst. Federal Defender, Portland, Or., for defendants.

### OPINION

FRYE, District Judge:

The court finds that it is necessary to further consider defendant Charles Frank's motion to dismiss the indictment. Frank urges the court dismiss the indictment on the grounds that the element of *mens rea* is not adequately charged.

The indictment charges:

That on or about September 2, 1989, at the Warm Springs Indian Reservation, within the Indian Country, in the District of Oregon and within the Special Maritime and territorial jurisdiction of the United States, Charles Evans Frank and Moses Tootick, defendants herein, Indians and enrolled members of the Confederated Tribes of the Warm Springs Reservation of Oregon, did unlawfully and knowingly assault Aaron Lee E. Hart by stabbing and slashing the said Aaron Lee

E. Hart with a knife and running over him with a motor vehicle, said assault resulting in serious bodily injury; all in violation of Title 18 United States Code, Sections 1153, 113(f), and 2.

Frank argues that an essential element of the crime of assault under Title 18, United States Code, Section 113(f) is that the act was done "willfully." Frank contends that the charge in the indictment that the assault was done unlawfully and knowingly is not adequate to set forth the essential element of *mens rea.*

The government responds that Title 18, United States Code, Section 113(f) requires only that the assault result in serious bodily injury and does not require the allegation of the element of *mens rea.*

## ANALYSIS

18 U.S.C. § 113(f) provides: "Whoever ... is guilty of an assault shall be punished as follows: ... (f) [a]ssault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both."

In *United States v. Skeet,* 665 F.2d 983 (9th Cir.1982), the court reviewed the following charge to the jury under section 113(f):

> Now assault is defined as a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

The Ninth Circuit stated as follows:

> The Court's charge that an assault is (1) "a willful attempt to inflict injury upon the person of another," or (2) "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm," is in accord with *United States v. Dupree,* 544 F.2d 1050, 1052 (9th Cir.1976), and *United States v. Rizzo,* 409 F.2d 400, 402–403 (9th Cir.1969), and is the law in this Circuit.

665 F.2d at 986 (footnote omitted).

While the government correctly points out that section 113(f) requires that the assault result in serious bodily injury, section 113(f) further requires that an assault and the elements therein be proven. As it relates to this case, an assault is the willful attempt to inflict injury upon the person of another. 665 F.2d at 986.

The court will instruct the jury in conformance with this ruling. The government shall advise the court within two (2) days whether it contends that the indictment as it stands adequately charges assault under section 113(f) given the ruling of the court.