977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus BAUTISTA-MEJIA, Defendant-Appellant.
 No. 91-30234.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided Oct. 1, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On July 28, 1989, Bautista-Mejia became involved in a domestic quarrel with his wife. When the police arrived, they found Bautista-Mejia armed and barricaded in the house. A two day standoff began, during which Bautista-Mejia used his two daughters, ages six and nine, as hostages. At one point, after police fired tear gas into the house, Bautista-Mejia pointed a gun at the head of one of his daughters and threatened to kill her if the police did not back off. He then left the house and headed for another residence, holding one daughter in front of himself while the other clung to his back. During the course of his escape, he fired two shots in the direction of two police officers. Forty-three hours later, he surrendered.
 
 
 3
 Bautista-Mejia was indicted in federal court on one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(5) (1988), which criminalizes the possession of firearms by illegal aliens. He pled guilty, and was sentenced to a term of imprisonment of 92 months. He then timely appealed. We affirm.
 
 
 4
 I. Determination of the Base Offense Level.
 
 
 5
 The district court's application of the Guidelines is reviewed de novo, while its factual findings are reviewed for clear error. United States v. Uzelac, 921 F.2d 204, 205 (9th Cir.1990). Section 2K2.1, which governs the imposition of sentence for convictions under 18 U.S.C. § 922(g)(5), provides that the base offense level for a violation of section 922(g) is 12. However, subsection (c)(2) states that "[i]f the defendant used or possessed the firearm in connection with commission or attempted commission of another offense," the court should "apply § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above." Section 2X1.1 requires that the court look to the base offense level for the object offense in determining the base offense level for the crime of conviction. The district court decided that Bautista-Mejia's conduct satisfied the elements of aggravated assault, and therefore referred to section 2A2.2 in order to determine the base offense level.
 
 
 6
 Bautista-Mejia first argues that in cross-referencing to section 2A2.2, the district court sentenced him for a crime he did not commit. However, the sentence established for the crime of which he was convicted is by its terms determined by reference to section 2A2.2. That provision does not define a separate offense, but rather determines the sentence that Bautista-Mejia must serve for the commission of the offense of which he was convicted.
 
 
 7
 Bautista-Mejia's related argument that the cross-referencing procedure contemplated by section 2K2.1(c)(2) deprived him of due process in violation of the Fifth Amendment and of notice of the charges against him in violation of the Sixth Amendment is similarly incorrect. Bautista-Mejia wasn't convicted of violating section 2K2.1(c)(2) of the Guidelines; he was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(5). The indictment clearly informed Bautista-Mejia of the charge against him, and that is all that is necessary. Hamling v. United States, 418 U.S. 87, 117-18 (1974). The cross-referencing provision doesn't increase Bautista-Mejia's statutory sentence exposure, but rather merely limits the sentencing court's discretion. Thus, it passes muster under the Due Process Clause. McMillan v. Pennsylvania, 477 U.S. 79, 87-90 (1986).
 
 
 8
 Second, Bautista-Mejia asserts that, even if the cross-referencing provision of section 2K2.1(c)(2) may properly be applied to him, the necessary factual predicate for a finding that his conduct constituted the offense of aggravated assault is lacking, because he lacked the intent to inflict bodily harm upon them when he fired the pistol in their direction. We need not determine whether this argument is correct, because it was not raised below, and would require resolution of a question of fact. United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991). Bautista-Mejia's objection to the application of section 2A2.2 would require a finding of fact as to his intent in firing the pistol at the officers. Although Bautista-Mejia objected below to the application to him of section 2A2.2 on the ground that he had not been charged with the crime of aggravated assault, he did not object on the ground that there was no factual basis for the application of that section. The district court could have evaluated the evidence and made a finding of fact, had he done so. We therefore decline to reach this issue.
 
 
 9
 II. Rule 32(c)(3)(D).
 
 
 10
 Bautista-Mejia argues that this case should be remanded to the district court for resentencing because the court failed, as required by Federal Rule of Criminal Procedure 32(c)(3)(D), to make a specific finding as to whether he shot at the police with the intent to harm them. Since, as noted above, this matter was not controverted before the district court, the district court was not required under Rule 32(c)(3)(D) to make a specific finding with respect to that fact. Thus, this contention is meritless.
 
 
 11
 The government concedes that the district court did not append a copy of written findings to the judgment of conviction. There were several factual disputes requiring resolution by the district court. The court made the required findings, so its failure to append a copy of the findings to the judgment does not require a remand for resentencing. United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). The mandate of Rule 32(c)(3)(D) may be satisfied by directing the district court to forward a copy of the findings to the Bureau of Prisons to be appended to the presentence report.
 
 
 12
 III. Adjustments under Sections 2A2.2(b)(2)(A) and 3A1.2(b).
 
 
 13
 Bautista-Mejia argues that the district court erred in argmenting the base offense level by five under section 2A2.2(b)(2)(A) and by three under section 3A1.2(b). We disagree.
 
 
 14
 Section 2A2.2(b)(2)(A), which constitutes a specific offense characteristic of the crime of aggravated assault, states that the offense level of the crime shall be increased by five "[i]f a firearm was discharged." The Guidelines provide that a reference in any provision to another guideline refers to the entire guideline, including all applicable specific offense characteristics. U.S.S.G. § 1B1.5. Such a reference may be generalized, "e.g., to the guideline for the 'underlying offense.' " U.S.S.G. § 1B1.5 app. n. 1. Thus, the reference in section 2K2.1(c)(2) to section 2X1.1, and the generalized reference in that provision that leads to section 2A2.2, incorporates the five level enhancement of subsection (b)(1)(A). Since the district court found that Bautista-Mejia did in fact shoot the gun, the court properly enhanced the level of the offense by five.
 
 
 15
 Section 3A1.2(b) requires that the offense level be increased by three if the defendant, knowing or having reasonable cause to believe that a person is a law enforcement officer, assaults that officer during the course of the offense or in immediate flight therefrom in a manner creating a substantial risk of serious bodily injury. The district court found that Bautista-Mejia fired the gun at or in the direction of two of the officers, and Bautista-Mejia himself asserted that he did so in order to frighten the officers. Thus, Bautista-Mejia's conduct constituted assault, United States v. Skeet, 665 F.2d 983, 986 (9th Cir.1982), and the manner in which that assault was effected created a substantial risk of serious bodily injury. The district court properly enhanced Bautista-Mejia's sentence under section 3A1.2(b).
 
 
 16
 Bautista-Mejia argues that enhancement of his offense level under these provisions constitutes cumulative punishment. This contention is meritless. Application of sections 2A2.2(b)(2)(A) and 3A1.2(b) does not constitute cumulative sentencing, because the conduct punishable under section 2A2.2 need not include the discharge of a firearm or the commission of an assault upon a law enforcement officer.
 
 
 17
 IV. Enhancement under Section 3A1.1.
 
 
 18
 Bautista-Mejia argues that the district court erred in enhancing his sentence under section 3A1.1, because (1) his children were not the victims of the assault, (2) his children were not unusually vulnerable, and (3) he did not intend to take advantage of their vulnerability. We need not decide the merits of these contentions, because they were not raised below. Childs, 944 F.2d at 495.
 
 
 19
 We direct the district court, if it has not already done so, to forward a transcript of the sentencing hearing to the Bureau of Prisons to be attached to the presentence report on Bautista-Mejia. As thus modified, the district court's judgment is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3