105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Ryerson BERNARD, Defendant-Appellant.
 No. 95-50595.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Jan. 2, 1997.
 
 Before: GOODWIN, WIGGINS, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Richard Bernard appeals his conviction on all three counts of an indictment following a knife attack on a fellow prison inmate. Jurisdiction to review the conviction is proper under 28 U.S.C. § 1291. Jurisdiction for the sentencing challenge is proper under 18 U.S.C. § 3742(a). We affirm the convictions, but we reverse and remand the sentence on count two.
 
 
 3
 Defendant and David Newman were incarcerated at the United States Penitentiary at Lompoc, California, when Defendant attacked Newman with a ten-inch knife. The attack was captured on the prison's videocameras.
 
 
 4
 Defendant was indicted and convicted on three counts for the incident: (1) assault with intent to commit murder in violation of 18 U.S.C. § 113(a); (2) assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(f);[1] and (3) possession of a prohibited object (a weapon) by an inmate in a federal penitentiary in violation of 18 U.S.C. § 1791(a)(2). Defendant was sentenced to 262 months imprisonment, consecutive to the 72-month term he was already serving. The sentence was for concurrent 240-month terms on counts one and two, consecutive to a 22-month term on count three.
 
 I. Evidentiary Rulings
 
 5
 Evidentiary rulings are reviewed for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). When an objection is not properly made at trial, this court reviews for plain error. Fed.R.Crim.P. 52(b).
 
 A. Lt. Knox's Commentary on the Videotape
 
 6
 We find the district court did not abuse its discretion in allowing Lt. Knox to describe the events as shown on the videotape. Defendant made no general objection at trial about Knox's narration of the videotape, but only made specific objections to certain questions. Moreover, Defendant did not object at trial to Lt. Knox's description of the videotaped attack, though it is one of the specific statements challenged on this appeal. Even assuming Defendant had properly objected, the district court did not err to admit Lt. Knox's testimony.
 
 
 7
 Under Federal Rule of Evidence 701, lay opinion testimony may be admissible where the facts are difficult to explain or cannot otherwise be presented adequately so that a jury can reach an intelligent conclusion. United States v. Skeet, 665 F.2d 983, 985 (9th Cir.1982). Lt. Knox's narration of the events portrayed on the videotape is admissible under that standard. Lt. Knox, the editor of the videotape, provided helpful testimony to the jury because the videotape would have been difficult to follow in an unassisted review of the videotape. Further, he was familiar with the setting and the inmates, and he was thus able to identify them on the poor quality videotape.
 
 
 8
 Defendant further contends that the Government violated its agreement not to offer a witness to testify to his perception of the events as portrayed on the videotape. The Government had said that it would use a witness only for identification of "individuals and actions contained on the videotape."
 
 
 9
 Lt. Knox's testimony did "identify" the people and actions at issue in this case. In the one instance in which Knox began to offer an opinion about an individual's intent, the district court properly instructed Knox just to "[s]ay what he did." Thus, the Government did not present testimony beyond the scope of "identification of the people and actions" on the videotape. Moreover, Defendant does not challenge admission of the videotape; indeed, in his reply brief he says the jury should have been encouraged to view the videotape repeatedly. Thus, the jury would still have seen the most direct evidence of the attack, regardless of whether they heard Knox's description of the video.
 
 
 10
 B. Defendant's Self-Defense Theory and Evidence of Dangerous Prison Environment
 
 
 11
 Defendant argues that the district court improperly excluded evidence about the general prison conditions which were relevant to his state-of-mind when he attacked to show he was acting in self-defense. Defendant contends he felt threatened because of the Newman's alleged earlier threats to him and because of his knowledge of the dangers in the Lompoc Penitentiary.
 
 
 12
 The district court instructed the jury about self-defense.[2] It permitted Defendant's testimony and cross-examination about the victim's alleged earlier threats and his alleged "flashing" of a knife at Defendant. Although the court sustained objections to certain evidence offered to support Defendant's self-defense theory, the court permitted Defendant to explain his encounters with the victim that he claims made him feel threatened. De Groot v. United States, 78 F.2d 244, 245-47 (9th Cir.1935), is distinguishable because in that case the defendant was barred from testifying about prior threats made to him by the victim. Therefore, we conclude that the district court did not abuse its discretion when it excluded certain evidence regarding the general safety conditions of Lompoc Penitentiary.
 
 
 13
 II. Evidence of the Victim's Non-Violent Nature
 
 
 14
 Defendant also challenges Lt. Knox's testimony about the victim's non-violent character. Defendant objects to Lt. Knox's description of an incident when the victim returned cigarettes that had fallen from Knox's pocket. Defendant argues that Rule 405 does not allow specific act evidence to show a victim's character.
 
 
 15
 The evidence in question did not have that purpose, however. The district court properly allowed Knox's testimony about the cigarette incident because the testimony was "preliminary," and it established a foundation for Lt. Knox's later opinion evidence about the victim's peaceful character. Knox testified that the cigarette incident was the first time he met the victim. The district court was within its discretion to admit foundational testimony regarding Knox's acquaintance with the victim.
 
 
 16
 Defendant further contends that Lt. Knox was not well-enough acquainted with the victim to offer an opinion. This objection was raised for the first time on appeal,[3] and in any event, it is meritless. Lt. Knox adequately explained the contact he had with the victim, and he based his opinion on those contacts and the discussions he had with other Lompoc employees.
 
 
 17
 Finally, Defendant challenges, on hearsay grounds, Lt. Knox's statement that the victim had not been cited for any violent behavior while at Lompoc. Petitioner cites to United States v. Barry, 814 F.2d 1400, 1404 n. 7 (9th Cir.1987), for the proposition that evidence about the victim's prison file is inadmissible hearsay. The district court did not commit reversible error. Knox had already testified about Newman's non-violent reputation. Moreover, Lt. Knox's very next statement was that he had no knowledge of any violent behavior by the victim, even though both Knox and the victim had been at Lompoc since 1990.
 
 III. Excess Sentencing on Count Two
 
 18
 The legality of a sentence under the Sentencing Guidelines is reviewed de novo. United States v. Guzman-Bruno, 27 F.3d 420, 422-23 (9th Cir.), cert. denied, 115 S.Ct. 451 (1994).
 
 
 19
 The district court erred when it imposed a sentence of 240 months for count two (assault resulting in serious bodily injury) to run concurrently with the 240-month sentence on count one. Count two has a statutory maximum sentence of ten years (120 months). 18 U.S.C. § 113(a)(6) (formerly, § 113(f)). Thus, his sentence exceeded the statutory maximum sentence for count two.
 
 
 20
 Where the statutorily authorized maximum sentence is less than the minimum guideline, the statutory maximum shall be the guideline sentence. U.S.S.G. § 5G1.1(a). In a multiple count conviction, this is true for a specific count where the total punishment for all counts of the conviction exceeds the maximum sentence for that specific count. U.S.S.G. § 5G1.2 (commentary). Accordingly, the statutory maximum of 120 months should apply to Defendant's 18 U.S.C. § 113(f) violation.
 
 
 21
 The convictions are AFFIRMED. The district court erred, however, in imposing a 240-month sentence on Defendant for count two. The sentence is REVERSED and the matter REMANDED to the district court to sentence Defendant to 120 months incarceration for count two.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 113 was amended on September 13, 1994 (Pub.L. 103-322). The amendment re-numbered § 113(a) to § 113(a)(1) and re-numbered § 113(f) to § 113(a)(6), but made no other relevant changes. Throughout this disposition, we refer to the old subsections, under which defendant was convicted
 
 
 [2]
 United States v. Morton, 999 F.2d 435 (9th Cir.1993) is thus distinguishable. In that case, the district court committed reversible error by not giving a self-defense jury instruction at all
 
 
 [3]
 Defendant's only foundational objection at trial was to Lt. Knox's knowledge of whether the victim had been cited for violent behavior at Lompoc. Defendant's foundational objection on appeal is broader--that Knox was not sufficiently acquainted with the victim to express an opinion about his "proclivity for violence." Thus, this new objection is reviewed for plain error. Fed.R.Crim.P. 52(b)