NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA, )     No. 16-10327
)
Plaintiff-Appellee, )     D.C. No. 1:15-cr-00813-DKW-1
)
v. )     MEMORANDUM*
)
LANDON K. RUDOLFO, )
)
Defendant-Appellant. )
)

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted November 7, 2017
Portland, Oregon

Before: FERNANDEZ, W. FLETCHER, and MELLOY,** Circuit Judges.

Landon K. Rudolfo appeals his conviction for trafficking in certain motor

vehicles (those with vehicle identification numbers (VINs) which had been

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

unlawfully "removed, obliterated, tampered with, or altered").[1] 18 U.S.C. § 2321(a). We affirm.

(1) Rudolfo argues that there was reversible *Doyle*[2] error when the government elicited testimony that Rudolfo had obtained an attorney and had not cooperated with the government. Plainly, that evidence should not have been elicited,[3] but because the district court promptly gave a curative instruction[4] and the government did not repeat or allude to those facts at any time thereafter,[5] there was no *Doyle* violation.[6]

---

[1]Hereafter when we use "altered" we mean "removed, obliterated, tampered with, or altered."

[2]*Doyle v. Ohio*, 426 U.S. 610, 617–18, 96 S. Ct. 2240, 2244–45, 49 L. Ed. 2d 91 (1976); *see also Anderson v. Charles*, 447 U.S. 404, 407–08, 100 S. Ct. 2180, 2181–82, 65 L. Ed. 2d 222 (1980) (per curiam); *United States v. Kallin*, 50 F.3d 689, 693–94 (9th Cir. 1995).

[3]We reject the government's suggestion that the questions were invited by the defense. Here, the defense asked nothing to suggest that Rudolfo had cooperated with the government. *See Lincoln v. Sunn*, 807 F.2d 805, 810 (9th Cir. 1987); *cf. Leavitt v. Arave*, 383 F.3d 809, 827 (9th Cir. 2004) (per curiam); *McMillan v. Gomez*, 19 F.3d 465, 469–70 (9th Cir. 1994).

[4]*See Greer v. Miller*, 483 U.S. 756, 763–65, 107 S. Ct. 3102, 3108, 97 L. Ed. 2d 618 (1987).

[5]*See id.*

[6]*See id.*; *see also United States v. Lopez*, 500 F.3d 840, 846–47 (9th Cir. 2007); *United States v. Kennedy*, 714 F.2d 968, 976 (9th Cir. 1983).

(2)     Rudolfo then contends that reversal is required because a government witness (FBI agent Sakanoi) vouched for the reliability of another government witness (co-conspirator Javillo).  The government concedes that there was improper vouching, as indeed there was.  *See United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002).  However, on this record that vouching was harmless error.  *See United States v. Stinson*, 647 F.3d 1196, 1212–13 (9th Cir. 2011); *Hermanek*, 289 F.3d at 1098, 1102.  The error was an isolated incident,[7] and the other evidence in the record[8] made this a strong case against Rudolfo.  The record included evidence of: Rudolfo's knowledge that Roddy Tsunezumi, whom Rudolfo contacted, could supply a vehicle with VINs that were altered; Rudolfo's knowledge of changes in Toyota styles from year-to-year; his purchase of a vehicle with VINs that had been altered in ways that a knowledgeable person would recognize; the fact that Rudolfo had been trained to observe alterations; and recorded conversations with Tsunezumi.

(3)     Rudolfo then goes on to argue that reversal is required because Javillo

---

[7]*See Stinson*, 647 F.3d at 1212.

[8]*See id.* at 1212–13.

3

was permitted to give his lay opinion[9] that Rudolfo knew that the 4Runner was stolen and had VINs that were altered. However, Javillo's testimony was based, at least in part, upon his personal knowledge of Rudolfo[10] and was not entirely speculative.[11] Of course, speaking to what someone "knew" inevitably has a speculative aspect to it, and the district court recognized that it was a close issue. In any event, assuming that the district court was acting outside of the boundaries of its discretion[12] when it admitted Javillo's lay testimony, the other evidence of Rudolfo's knowledge was very strong. Thus, any error in that respect was harmless. *See Gadson*, 763 F.3d at 1208.

(4)    Even taken together, the errors in this case do not warrant reversal. *See United States v. Cazares*, 788 F.3d 956, 990–91 (9th Cir. 2015); *United States v. Necoechea*, 986 F.2d 1273, 1282–83 (9th Cir. 1993).

AFFIRMED.

---

[9]*See* Fed. R. Evid. 701.

[10]*See United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014).

[11]*See United States v. Beck*, 418 F.3d 1008, 1014–15 (9th Cir. 2005); *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982).

[12] *See United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014); *United States v. Barrett*, 703 F.2d 1076, 1086 (9th Cir. 1983); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

4