**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10252 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00529-CRB-1 |
| v. | |
| WING WO MA, AKA Mark Ma, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

Before:  LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

Wing Wo Ma appeals from his convictions for (1) conspiracy to

manufacture and to distribute, and possess with intent to distribute marijuana,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

(2) use of a firearm during and in relation to a drug trafficking crime, (3) use of a firearm during and in relation to a drug trafficking crime resulting in death, and (4) conspiracy to commit honest services fraud and bribery. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Ma's argument that evidentiary errors require a new trial fails. First, the alleged hearsay testimony regarding Ma's $100,000 debt to Kong was admissible as both a coconspirator statement and a statement against interest. *See United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015); Fed. R. Evid. 804(b)(3). Second, lay witness opinion testimony that Ma was a deceptive scam artist was admissible because it concerns Ma's character and reputation, falling squarely within the categories of lay opinions expressly declared permissible under *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982). Third, Hu's characterization of Ma's gifts as "bribes" did not constitute a legal conclusion—Hu merely used "words of common currency which form part of the vocabulary of almost any American in his teens or older." *United States v. Long*, 534 F.2d 1097, 1100 (3d Cir. 1976). Fourth, Hu's testimony that he had pled guilty to committing honest services fraud and bribery was admissible because Ma's attorney opened the door to references to Hu's guilty plea. *See United States v. Garcia-Guizar*, 160 F.3d 511, 522 (9th Cir. 1998).

Even if Luu's testimony opining that Ma murdered Kong qualified as inadmissible lay witness testimony, such evidence was cumulative of the audio-recorded interview of Luu that was admitted into evidence and so any error was harmless. Likewise, even if the district court erred in admitting Huynh's testimony opining that Ma's story was not trustworthy, any error was harmless because Ma himself admitted the story he told was a lie. Moreover, any errors in admitting testimony were harmless whether viewed individually or in aggregate. *See United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); *United States v. Inzunza*, 638 F.3d 1006, 1024–25 (9th Cir. 2011).

The government presented sufficient evidence that Ma used a firearm in relation to or in furtherance of the drug trafficking crime as required by counts two and three. In closing argument, Ma's attorney made the judicial admission that the marijuana conspiracy charged in count one extended to the Bark Dumps grow site where Kong and Chen were shot and killed. *See United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991). Even if Ma's attorney had not made such an admission, viewing the evidence "in the light most favorable to the government," *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998), a rational jury could have found the same beyond a reasonable doubt. Among other evidence, the conspirators planned the Bark Dumps grow site and made physical preparations to

3

grow marijuana. Whether any marijuana plants could have been planted, or were in fact planted, at the Bark Dumps is irrelevant because factual impossibility is not a defense to conspiracy. *See, e.g., United States v. Fleming*, 215 F.3d 930, 936 (9th Cir. 2000). There was also sufficient evidence of firearm use in connection with the conspiracy. One of Ma's coconspirators testified that Ma brandished a gun while citing the need to protect the Bark Dumps grow site. "This court has held that the uncorroborated testimony of a co-conspirator is sufficient evidence to sustain a conviction 'unless the testimony is incredible or unsubstantial on its face.'" *United States v. Ramirez-Robles*, 386 F.3d 1234, 1241 (9th Cir. 2004) (citation omitted). Ma does not challenge his coconspirators' testimony as incredible or unsubstantial. Further, there was overwhelming evidence that Ma used a firearm to kill Kong and Chen, including surveillance footage and DNA evidence. Accordingly, there was sufficient evidence supporting Ma's conviction on counts two and three.

Sufficient evidence also supported Ma's conviction on count four. Contrary to Ma's argument, a quid pro quo arrangement giving rise to honest services fraud can be "implicit" and need not "concern a specific official act." *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943 (9th Cir. 2009), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358 (2010). The record reflects (1) that Ma

4

repeatedly gave gifts to Harry Hu, (2) that in his role as a peace officer, Hu repeatedly acted to Ma's benefit, and (3) that Ma repeatedly referred to Hu as an ally in law enforcement. On these facts, a rational jury could have found Ma's guilt as to count four beyond a reasonable doubt.

**AFFIRMED.**