**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny YAZZIE, Jr., Defendant–**
**Appellant.**

**No. 91–10005.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1992.

Decided Oct. 5, 1992.

---

**2.** E.g., inflicting bodily injury, punished by U.S.S.G. § 2A2.2(b)(3)(A), and inflicting serious bodily injury, punished by U.S.S.G. § 2A2.2(b)(3)(B).

Bram L. Jacobson, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Pamela R. Gullett, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before: BOOCHEVER, REINHARDT and BEEZER, Circuit Judges.

REINHARDT, Circuit Judge:

Johnny Yazzie, Jr., appeals his conviction for sexual abuse of a minor (statutory rape) in violation of 18 U.S.C. §§ 1153, 2243. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court improperly excluded lay witness-es' testimony that the minor[1] appeared to be at least sixteen years old when the alleged sexual abuse occurred, we reverse.[2]

## I.

Johnny Yazzie, Jr., was charged with aggravated sexual abuse (forcible rape) in violation of 18 U.S.C. §§ 1153, 2241(a), and with sexual abuse of a minor (statutory rape) in violation of 18 U.S.C. §§ 1153, 2243. Both charges stemmed from an incident involving Yazzie and a female minor that occurred on a Navajo Indian reservation on July 19, 1989, one month before Yazzie's twenty-first birthday and not quite six months before the sixteenth birthday of the minor.

Yazzie admitted that he had sexual intercourse with the minor on the night in question. His defense to the charge of forcible rape was that the intercourse was consensual. The jurors acquitted Yazzie of forcible rape but convicted him of statutory rape.

Yazzie's sole defense to the statutory rape charge was an affirmative defense permitted under 18 U.S.C. § 2243(c): that at the time of the incident, he reasonably believed that the minor, who was then fifteen-and-a-half years old, was at least sixteen. See 18 U.S.C. § 2243(c) ("[I]t is a defense ... that the defendant reasonably believed that the other person had attained the age of 16 years.").

To establish his belief as to the minor's age, Yazzie testified that on the night of the incident, he believed that the minor was at least sixteen years old. To establish the reasonableness of his belief,

---

1. Pursuant to 18 U.S.C. § 3509(d), the minor's name has been omitted.

2. In addition to his argument that the district court improperly excluded his witnesses' opinion testimony, Yazzie makes two other claims. First, he contends that the court erroneously prohibited him from cross-examining the minor's sister regarding her previous intimate relationship with him. He argues that if he had been permitted to show the depth of their relationship, he would have been better able to show the sister's bias. We do not reach this argument. Second, Yazzie claims that the court should have excluded statements he made to police officers after his arrest because the government failed to disclose the statements to his counsel prior to trial in violation of Fed. R.Crim.P. 16(a)(1)(A) and Rule 86 of the Local Rules of Practice for the District of Arizona. He contends that had he been given notice of the government's intention to use the statements, he would have requested a hearing to determine whether the statements were made in violation of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and were thus inadmissible. If Yazzie's case is set for retrial, he may request such a hearing.

he testified that at the time of the incident, the minor smoked cigarettes, drove a car, used makeup, and looked "mature" enough to be at least sixteen.[3] He testified that he knew the minor because he had previously dated her older sister, but that the minor never told him her age.

To further establish the reasonableness of his belief, Yazzie called several witnesses who offered to testify that as of the date of the alleged sexual abuse, their observations caused them to believe the minor to be between sixteen and twenty years old. The district court excluded this testimony, ruling that defense witnesses were permitted to testify to their perceptions of the minor's physical appearance and behavior at the time of the incident but were barred from stating their opinion that the minor was at least sixteen years of age.[4] The reason for the ruling, the court explained, was that a witness' belief as to the minor's age was "subjective and has nothing to do with what [Yazzie] might have believed."

In accordance with the district court's ruling, Yazzie's witnesses did not testify as to their beliefs regarding the minor's age. Instead, three of Yazzie's witnesses confirmed his claim that the minor smoked cigarettes on the night in question; two testified that they had seen her drive a car before the alleged sexual abuse took place; and two testified that she wore makeup at the time of the incident. Further, three witnesses testified that the minor appeared sexually mature at the time of the alleged sexual abuse. One stated that the minor

"was tall and [ ] appeared to be a lady . . . a lady like she was full, how do you say, she was fully developed," and that "she was mainly filled out, she was very tall." Another testified that the minor's body shape made her look "[l]ike an older person." A third stated that the minor "was well into her womanhood, well developed . . . [and] had her curves and [ ] was into her maturity." In addition, one witness testified that the minor drank beer on the night of the incident.

The minor testified regarding her age and her date of birth, but did not state that she had told Yazzie how old she was or that she had reason to believe that Yazzie knew at the time of the incident that she was not yet sixteen. She did not deny that she occasionally drank beer and smoked cigarettes; indeed, she testified that she did both on the night in question.

To refute Yazzie's claim that he reasonably believed the minor to be at least sixteen years old, the prosecution introduced evidence that Yazzie lived down the street from the minor; that he had dated her sister for several months, up until about ten weeks before the incident occurred; that during the time he dated her sister he went on walks with the minor and helped her with her math homework; and that on the night of the incident, the minor did not wear sophisticated clothing but rather high-top athletic shoes, tube socks, jean shorts over bicycle tights, and a tee shirt. Yazzie denied none of these contentions,

---

**3.** The portion of Yazzie's testimony in which he set out the reasons for his belief was neither lengthy nor detailed. In its entirety, it was as follows:

Q. On that day, on July 19th, 1989, how old did you think [the minor] was?
A. July.
Q. 19th.
A. 19th? She was—she was mature. She looked like 16, or older.
Q. Why—why do you say that? What—
A. Because the way she looked, the makeup, the cigarettes she smokes; and she drives around, she drives a car.
Q. Before July 19th, 1989, you'd seen [the minor] drive a car?
A. Yes.

**4.** The court stated:

THE COURT: [A]ny circumstantial evidence tending to support the—the reasonableness of [the defendant's] belief would be permitted, provided that that would not include the opinions of any third party as to the defendant's [sic] age.
MR. JACOBSON [defense attorney]: Yeah, okay.
MS. GULLETT [AUSA]: And, Your Honor, provided that whatever observation or something, the circumstantial evidence relates to is before July 19th, 1989.
THE COURT: Oh, certainly[.]
The court first made this ruling before the trial began, but the ruling was not entirely clear and the court later refined and repeated it several times during a discussion in chambers. The passage quoted here is taken from the court's final formulation.

but he continued to insist that the minor never said anything to him about her age, that he did not know what school she attended or what grade she was in, and that he thought that she was at least sixteen. When the prosecutor attempted to imply (without offering any supporting evidence) that Yazzie had attended the minor's fifteenth birthday party, which had been held during the time that Yazzie was dating the minor's sister, he denied that he had done so. The prosecution also introduced substantial evidence that people under the age of sixteen commonly drove on the reservation.

## II.

Fed.R.Evid. 701 permits a lay witness to give opinion testimony as long as the opinion is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R.Evid. 701. The admissibility of lay opinion testimony under Rule 701 is "committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a 'clear abuse of discretion.'" *United States v. Burnette*, 698 F.2d 1038, 1051 (9th Cir.1983) (citation omitted), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983).

> We understand Rule 701 to mean that [o]pinions of non-experts may be admitted where the facts could not otherwise be adequately presented or described to the jury in such a way as to enable the jury to form an opinion or reach an intelligent conclusion. If it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinions based upon what he observed. It is a means of conveying to the jury what the witness has seen or heard.

*United States v. Skeet*, 665 F.2d 983, 985 (9th Cir.1982).

Here, the opinion testimony not only meets the requirements of sub-part (a) of Rule 701, but of both the alternative subparts of (b). The testimony helps in the understanding of the witnesses' descriptive testimony *and* in determining a critical fact at issue—whether it was reasonable for Yazzie to believe that the minor was sixteen or older.[5]

In the case before us, the jurors could not themselves assess how old the minor looked at the time of the incident: by the time of the trial, the minor was almost seventeen years old, and her appearance was undoubtedly substantially different than it had been on the night in question, a year and a half earlier. Thus, the jurors were wholly dependent on the testimony of witnesses. Yet the witnesses were permitted to testify only to the minor's describable features and behavior. Their testimony was no substitute for a clear and unequivocal statement of their opinions. It did not tell the jury that these witnesses believed the minor to be at least sixteen years old at the time of the incident.

Our finding that the trial judge erred in not admitting the opinions of Yazzie's witnesses as to the minor's age is supported by all of the considerations that underlie Rule 701's authorization of the use of lay opinion testimony. First, it is difficult to distinguish a fifteen-and-a-half-year-old from a sixteen-year-old, and it is still more difficult to put into words why one believes that a person is one age and not the other. There is a certain intangible element involved in one's conclusions on such a question. We form an opinion of a person's age from "a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appear[]" to us. *Skeet*, 665 F.2d at 985. Mannerisms and facial features are notoriously difficult to describe accurately, and one's reasons for concluding that a person is a particular age

---

5. The testimony is, of course, also relevant to the question of Yazzie's credibility.

are both too complex and too indefinable to set out fully.

In addition, a witness may not know, let alone be able to report precisely, what factors induced his or her conclusion. In such a case, the fact that the witness reached the conclusion is the important part of the testimony, not the largely undeterminable or inexplicable reasons that prompted the conclusion.

Furthermore, age is a matter on which everyone has an opinion. Knowingly or unknowingly, we all form conclusions about people's ages every day. It is therefore particularly appropriate for a lay witness to express an opinion on the subject.

Here, the witnesses' opinions were especially appropriate for another reason. The issue was whether the defendant held an opinion and if so whether that opinion was reasonable. It is relevant that others having a similar opportunity to observe the minor formed an opinion as to her age that was similar to the opinion the defendant claimed to have formed. Their testimony goes both to Yazzie's credibility and to the reasonableness of his belief. The district court's decision deprived the jury of the most direct evidence available as to the age that the minor reasonably appeared to be on the night of the incident. Thus, the judge's ruling constituted a clear abuse of discretion.

### III.

To decide whether the erroneous exclusion of the lay witnesses' testimony requires the reversal of Yazzie's conviction, we must determine " 'whether the prejudice resulting from the error was more probably than not harmless.' " *United States v. Owens,* 789 F.2d 750, 757 (9th Cir.1986) (citation omitted), *rev'd on other grounds,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). *See also* Fed.R.Evid. 103(a).

The excluded testimony of Yazzie's witnesses would have provided important support for his claim that he reasonably believed that the minor was at least sixteen years old on the night of the incident. Because of the trial court's decision, the witnesses were unable to advise the jury of their conclusions. While they were able to describe the minor as mature in some respects, their testimony did not carry the weight it would have if they had been permitted to state that she appeared to be at least sixteen. Indeed, under the court's restriction, the witnesses testified in large part only to facts that the prosecution did not deny: that the minor smoked, drank, and drove a car.

The jury acquitted Yazzie of one of the two charges against him. On the remaining charge, no evidence indicated that Yazzie had actual knowledge of the minor's age. The principal, and determinative, issue was the age the minor appeared to be to a reasonable observer. It is normally a close question whether a young woman of fifteen-and-a-half appears to have reached the age of sixteen. The question of innocence or guilt may well turn on the opinions of witnesses offered by the respective parties. Here, the most probative testimony would have been that of percipient witnesses who were willing to state their conclusions and explain to the extent possible how and why they arrived at them. While it is true that each side may find persons willing to offer opinions helpful to it, the jury is perfectly capable of weighing the veracity and bias of the witnesses. Here, the jury was deprived of that opportunity. It was compelled to resolve the crucial issue in the case before it on the basis of far less direct evidence than could have been provided. Because the evidence supporting the statutory rape charge was inconclusive and the excluded testimony was of considerable importance, we cannot say that a rational jury more probably than not would have convicted the defendant had the testimony not been excluded. We therefore conclude that the error was not harmless and that Yazzie's conviction must be

REVERSED.