# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3653

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Roman White Calf, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 21, 2010
Filed: March 10, 2011

_____

Before RILEY, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Roman White Calf of sexual abuse of a minor, a violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). White Calf appeals, arguing the district court[1] abused its discretion in instructing the jury and admitting certain evidence. We affirm.

---

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

## I.    BACKGROUND[2]

In June 2008, nineteen-year-old White Calf graduated from high school. White Calf invited classmates and friends to a party at his house on the Pine Ridge Indian Reservation in South Dakota. Everyone at the party became intoxicated, even though Pine Ridge is a "dry" reservation under Indian law.

Thirteen-year-old L.R.F. arrived late to the party. White Calf had not invited L.R.F. to the party. L.R.F.'s aunts, S.R.F. (age 18) and M.T.B. (age 16), allowed L.R.F. to tag along. S.R.F. and M.T.B. instructed L.R.F. to lie about her age at the party.

S.R.F. and White Calf were friends and high school classmates. White Calf and L.R.F. did not know one another before the night of the party, June 29-30, 2008. At some point after L.R.F. met White Calf, she lied and told him she was 15 years old. After L.R.F. and White Calf began kissing, L.R.F. told White Calf, "I am only 13." White Calf responded, "age don't matter." L.R.F. and White Calf flirted, hugged, and kissed.

S.R.F. unsuccessfully tried to break up the couple when she saw them kissing. White Calf told S.R.F. to leave the couple alone. S.R.F. later told White Calf that L.R.F. was "younger than what [L.R.F.]'s telling [White Calf]" and younger than D.B., a 15-year-old attendee of the party. White Calf thought D.B. was 14 or 15 years old.

S.R.F.'s attempts to separate L.R.F. from White Calf upset L.R.F. L.R.F. cried and later fell asleep in a bedroom. When L.R.F. woke up, White Calf was penetrating

---

[2]We recite the facts in the light most favorable to the government, affording the government all reasonable inferences from the jury's verdict. See, e.g., United States v. Bordeaux, 570 F.3d 1041, 1047 (8th Cir. 2009). We use initials to protect the privacy of the victim and other minors involved.

her vagina with his penis. As L.R.F. began to push White Calf away, Oglala Sioux Department of Public Safety Officer Llewellyn Preston Good Voice Flute, who was investigating a report of a loud party involving alcohol, entered the room. Officer Good Voice Flute observed White Calf and L.R.F., each naked below the waist, engaged in sexual intercourse. Specifically, Officer Good Voice Flute saw White Calf standing at the foot of the bed between L.R.F.'s legs, with his hands on L.R.F.'s hips, moving back and forth. L.R.F. was moaning, and Officer Good Voice Flute heard "[s]ex; skin slapping together." Officer Good Voice Flute ordered White Calf and L.R.F. to dress and leave the bedroom.

Officer Good Voice Flute asked White Calf and L.R.F. their ages. White Calf told Officer Good Voice Flute he was 21 and L.R.F. was 19. L.R.F. did not correct White Calf, but later lied and said she was 16. Officer Good Voice Flute was skeptical because, in his opinion, L.R.F. was small and looked like a "grade schooler." In a police cruiser, out of Officer Good Voice Flute's presence, White Calf threatened L.R.F. by telling her he would have someone beat her up if she told law enforcement the truth. White Calf instructed L.R.F. to tell law enforcement "we weren't doing nothing."

FBI Special Agent Sherry Rice interviewed White Calf. White Calf told Special Agent Rice that S.R.F. "brought her little sister," whom he did not know, to his party. White Calf estimated L.R.F. was 17 years old. White Calf initially denied having sex with L.R.F., saying his pants were still on when Officer Good Voice Flute entered the bedroom, but later recanted and admitted to having sexual intercourse with L.R.F. White Calf reported L.R.F. was flirting with him, and he did not know her name at the time. According to White Calf, L.R.F. took him to the bedroom and took her pants off. White Calf put on a condom and "was having sex when the police arrived." Toxicological tests indicated White Calf's blood alcohol content was .25. L.R.F.'s blood alcohol content was .18.

In September 2008, a grand jury returned an indictment charging White Calf with sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). The indictment alleged White Calf "did knowingly engage, and attempt to engage, in a sexual act with [L.R.F.], a child who had attained the age of 12 years, but who had not attained the age of 16 years, and who was at least four years younger than" White Calf.

In July 2009, the district court held a three-day trial on the indictment. At trial, White Calf testified on his own behalf, (1) denying he had sexual intercourse with L.R.F., because Officer Good Voice Flute interrupted him before he could do so, and (2) stating he reasonably believed L.R.F. was 17 years old when he tried to have sexual intercourse with her.

The district court, employing a general verdict form, instructed the jury to find White Calf guilty if, among other things, the jury found White Calf attempted to sexually abuse or did sexually abuse L.R.F. The jury found White Calf guilty, and the district court sentenced him to 33 months imprisonment. White Calf appeals.

## II. DISCUSSION
### A. Standard of Review

"We review for abuse of discretion the district court's formulations of jury instructions." United States v. Mitchell, 613 F.3d 862, 867 (8th Cir. 2010). "We will reverse if the failure to properly instruct the jury was prejudicial." Id. Likewise, "[w]e review a district court's decision to admit or exclude testimony for an abuse of discretion." United States v. Jewell, 614 F.3d 911, 918 (8th Cir. 2010), petition for cert. filed, No. 10-7889 (U.S. Dec. 7, 2010).

### B. Jury Instructions

White Calf argues the district court abused its discretion by failing to instruct the jury that (1) the jury could consider White Calf's intoxication when evaluating the

-4-

affirmative defense set forth in 18 U.S.C. § 2243(c)(1), and (2) the government was required to prove White Calf knew L.R.F. was not yet 16 years old.

### 1. 18 U.S.C. § 2243(c)(1) and Intoxication
#### a. 18 U.S.C. § 2243

It is a federal crime for an Indian to "knowingly engage[] in a sexual act with another person who . . . has attained the age of 12 years but has not attained the age of 16 years" so long as such act occurred in Indian country and such person "is at least four years younger than the" Indian. 18 U.S.C. § 2243(a) and § 1153. Attempts are criminalized equally with the substantive offense, see id. § 2243(a), and "sexual act" is defined to include "contact between the penis and the vulva," id. § 2246(2)(A). "[C]ontact . . . occurs upon penetration, however, slight." Id.

At common law, mistake of fact was no defense to statutory rape statutes such as § 2243(a). See United States v. Wilcox, 487 F.3d 1163, 1174 (8th Cir. 2007) (citing Morissette v. United States, 342 U.S. 246, 251 n.8 (1952)). As one of our sister circuit courts of appeals stated long ago, "it is well settled in cases of rape that ignorance that the prosecutrix is below the age of consent is no excuse." United States v. Mack, 112 F.2d 290, 292 (2d Cir. 1940). "[S]tatutory rape is a recognized judicial exception to the general principle that mistake of fact is a defense if it negatives the existence of a mental state essential to the crime charged." Wilcox, 487 F.3d at 1174 (alteration in original) (quoting United States v. Juvenile Male, 211 F.3d 1169, 1170-71 (9th Cir. 2000) (per curiam)).

Not surprisingly, § 2243(d) makes clear that the government's burden to prove scienter in a § 2243(a) prosecution is limited to proving the defendant "knowingly engage[d] in a sexual act." Section 2243(d) provides, "In a prosecution under [§ 2243(a)], the [g]overnment need not prove that the defendant knew—(1) the age of the other person engaging in the sexual act; or (2) that the requisite age difference existed between the persons so engaging."

Ostensibly to ameliorate the harsh effects of the statute in cases of otherwise consensual teenage sex, § 2243(c)(1) provides a narrow affirmative defense to defendants. Section 2243(c)(1) provides, "In a prosecution under [§2243(a)], it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years."

As in Wilcox, 487 F.3d at 1174, the district court instructed the jury in a manner which tracked all of the plain and unambiguous statutory language in § 2243 quoted above. The district court did not abuse its discretion.

### b.     Intoxication

At common law, voluntary intoxication was a not a defense to criminal activity. See Montana v. Egelhoff, 518 U.S. 37, 45 (1996). In the 19th Century, American courts "carved out an exception to the common law's traditional across-the-board condemnation of the drunken offender, allowing a jury to consider a defendant's intoxication when assessing whether he possessed the mental state needed to commit the crime charged, where the crime was one requiring a 'specific intent.'" Id. at 46. No such exception was created for general intent crimes.

Sexual abuse of a minor is a general intent crime, but attempted sexual abuse of a minor is a specific intent crime. See United States v. Kenyon, 481 F.3d 1054, 1069-71 (8th Cir. 2007). Cf. United States v. Robertson, 606 F.3d 943, 954-55 (8th Cir. 2010) (distinguishing attempted aggravated sexual abuse, a specific intent crime, from aggravated sexual abuse, a general intent crime). The district court instructed the jury that White Calf's voluntary intoxication was not a defense to the substantive offense of sexual abuse of a minor, but voluntary intoxication was a possible defense to the alternatively charged crime of attempted sexual abuse of a minor. The district court instructed the jury as follows:

-6-

With regard to the crime of sexual abuse of a minor, it is not necessary that the government prove that the defendant intended to commit the crime of sexual abuse of a minor. The government must prove beyond a reasonable doubt that the defendant knowingly engaged in a sexual act with [L.R.F]. Therefore, the fact that the defendant may have been intoxicated is not to be considered by you in determining whether he committed the crime of sexual abuse of a minor.

With regard to the crime of attempt to sexually abuse a minor, the government must prove that the defendant intended to commit the crime of sexual abuse of a minor. Being under the influence of alcohol provides a legal excuse for the commission of a crime only if the effect of the alcohol makes it impossible for the defendant to have the intent to commit the crime. Evidence that defendant acted while under the influence of alcohol may be considered by you, together with all the other evidence, in determining whether or not he did in fact have the intent to commit the crime of sexual abuse of a minor.

White Calf does not dispute that the foregoing instruction correctly states the law. White Calf objected to the instruction because it failed to "indicate[] that intoxication should also be considered by the jury in considering the defense." He asked for the following additional instruction:

Another issue in this case is whether Roman White Calf reasonably believed that [L.R.F.] had attained the age of 16 years on June 30, 2008. Evidence of his intoxication may also be considered by you in determining whether he reasonably believed [L.R.F.] had attained the age of 16 years.

The district court declined to give the additional instruction.

The district court did not abuse its discretion in overruling White Calf's objection and declining to submit White Calf's proffered additional instruction to the jury. The district court correctly relied on United States v. Weise, 89 F.3d 502, 505

(8th Cir. 1996), in which we held "the reasonableness of [a defendant's] belief is not measured through the eyes of a reasonably intoxicated person." In Weise, we affirmed the district court's explicit instruction to the jury "to disregard Weise's intoxication when deciding if Weise's [defense of self-defense] was founded on reasonably perceived circumstances." Id. (citing United States v. Yazzie, 660 F.2d 422, 431 (10th Cir. 1981)).

White Calf attempts to distinguish Weise for the reason that Weise "addressed a defense to an act that had been committed (a substantive offense) rather than a mere attempt without the requisite criminal act," which is a specific intent crime. White Calf's argument is puzzling in light of the fact that, under the jury's general verdict, White Calf's conviction may be upheld under either an attempt or substantive offense theory. See Kenyon, 481 F.3d at 1068 (citing Griffin v. United States, 502 U.S. 46, 59 (1991). If White Calf's argument were sound, we would be committed to the "novel proposition" that voluntary intoxication would be "available as a partial defense" in conjunction with the defense at § 2243(c)(1) but, as prior precedent dictates, not available as a defense to the underlying crime of sexual abuse. See Yazzie, 660 F.2d at 431 (rejecting "novel proposition" that voluntary intoxication would not be a defense to substantive charge, but would be "available as a partial defense, effective in conjunction with others," including the defense of self-defense). Further, it would be odd, in light of Weise, were we to accept White Calf's attempt to engraft a measure of subjectivity into § 2243(c)(1), which is based on a reasonable person standard. Other courts have declined similar invitations. Cf. Yazzie, 660 F.2d at 431; Oregon v. Bassett, 228 P.3d 590, 592-93 (Or. Ct. App.) (affirming trial court's rejection of voluntary intoxication instruction in conjunction with defense of self-defense for defendant charged with assault in the fourth degree, a specific intent crime, as a position "universal[ly] reject[ed]" because "[d]etermining a defendant's 'reasonable belief' from the perspective of an intoxicated person would contradict the objective 'reasonable person' standard that the defense demands"), review denied, 234 P.3d 983 (Or. 2010).

In any event, any error in the jury instructions was harmless because, under the jury instructions as a whole, the district court allowed White Calf to argue, in forceful terms, that he lacked the requisite intent to commit the crime of attempted sexual abuse of a minor because he was intoxicated. See Fed. R. Crim. P. 52(a).

## 2. Scienter

White Calf argues the district court abused its discretion in failing to instruct the jury that the government was required to prove White Calf "knew that [L.R.F.] had not yet attained the age of 16 years" at the time of the alleged offense. Relying on cases such as Arthur Andersen LLP v. United States, 544 U.S. 696 (2005), and United States v. X-Citement Video, Inc., 513 U.S. 64 (1994), White Calf argues under § 2243(a) the element "knowingly" must be construed to extend to the element "another person who . . . has attained the age of 12 years but has not attained the age of 16 years." White Calf concedes the government need not have proven White Calf "knew [L.R.F.'s] age nor that [White Calf] knew the requisite age difference existed."

White Calf's argument is inconsistent with the plain language of § 2243(d), which expressly states "the [g]overnment need not prove that the defendant knew . . . the age of the other person engaging in the sexual act." White Calf's proposed instruction would essentially read the phrase "exact age" into § 2243(d) in place of "age," thereby only relieving the government of any burden to prove the defendant knew the prohibited minor's exact age.

Arthur Andersen and X-Citement Video are inapposite. Neither case involved a special provision such as § 2243(d), which expressly *relieves* whatever burden of proving scienter the government might otherwise have had under § 2243(a) according to familiar principles of statutory construction. In any event, in X-Citement Video, the Supreme Court, quoting Morissette, 342 U.S. at 251 n.8, explicitly noted the principles of statutory construction underlying its decision would not apply in cases involving "sex offenses, such as rape." X-Citement Video, 513 U.S. at 72 n.2. See

also United States v. Wilson, 565 F.3d 1059, 1067-68 (8th Cir. 2009). In Wilcox, we characterized *in dicta* a district court's failure to give a further intent instruction, such as the one White Calf proposes, as a position "taken directly from the statutory language" and as a "proper[] appli[cation of] the governing statutes." Wilcox, 487 F.3d at 1174.[3] The district court did not err or abuse its discretion.

## C.    Evidentiary Rulings
### 1.    Photograph of L.R.F.

White Calf argues the district court abused its discretion in admitting Exhibit 3, a photograph of L.R.F. Exhibit 3 is a school picture taken in September 2008, approximately three months after White Calf's party and ten months before trial. L.R.F. was still 13 years old when the picture was taken.

At trial, White Calf objected to the admission of Exhibit 3 and now supports the objection on the basis of "relevance and foundation because there was no testimony to establish whether Exhibit 3 accurately portrayed [L.R.F.'s] appearance in June, since it was taken in a completely different social setting several months later in September." White Calf argues Exhibit 3 "misl[ed] the jury and encourag[ed] mere speculation about [L.R.F.]'s appearance at the critical time," and, by means of purportedly impermissible closing argument on the part of the prosecutor, "shift[ed] the burden of proof to [White Calf] to negate the relevance of the exhibit." White Calf opines the admission of Exhibit 3 violated the authentication requirement of Fed. R. Evid. 901(a), which predicates admission on "evidence sufficient to support a finding that the matter in question is what its proponent claims."

---

[3]We do not agree with the government that Wilcox is binding precedent here. In Wilcox, we merely held that the statutory scheme reflected in the jury instructions did not "violate[] [the defendant's] due process rights or any other constitutional right." Id.

Reversal is not required. The photograph plainly was relevant to the jury's determination of L.R.F.'s appearance on June 30, 2008. Even if we accept the proposition that Exhibit 3 was not an accurate portrayal of L.R.F.'s appearance at the time of the party, White Calf cannot show prejudice. White Calf was free to argue to the jury that Exhibit 3 did not represent L.R.F.'s appearance on the night in question on account of its vintage and more formal setting. See Fed. R. Crim. P. 52(a). L.R.F.'s appearance in the photo and White Calf's argument go to the weight of persuasion for the photo evidence, which is for the jury's consideration. It is difficult to imagine how the admission of a photograph such as Exhibit 3, taken *after* the crime, could harm a defendant. As the district court observed, "if anything, [Exhibit 3] would over-represent [L.R.F.'s] age rather than under-represent her age."

### 2. Officer Good Voice Flute's Observation

At trial, White Calf objected to Officer Good Voice Flute's testimony that, at the time of her arrest, L.R.F. "looked pretty small; didn't look like she was 19" and "looked like a grade schooler." White Calf characterizes Officer Good Voice Flute's opinion as "irrelevant and extremely prejudicial." White Calf opines it "shed no light on [White Calf's] reasonable belief about [L.R.F.]'s age" and only misled the jury "due to the fact [the opinion] came from a police officer." White Calf emphasizes the prosecutor exploited Officer Good Voice Flute's testimony twice in her closing argument.

The district court did not abuse its discretion. Fed. R. Evid. 701 allows a non-expert witness to express an opinion "rationally based on the perception of the witness" which is "helpful to . . . the determination of a fact in issue." White Calf's § 2243(c)(1) defense required the jury to decide whether White Calf reasonably believed L.R.F. was at least 16 years old. The perceptions of L.R.F.'s appearance by anyone who saw her on the night in question were probative of that fact.

United States v. Yazzie, 976 F.2d 1252, 1255-56 (9th Cir. 1992), is instructive. In Yazzie, the Ninth Circuit Court of Appeals analyzed Fed. R. Evid. 701 and reversed a district court's exclusion of lay testimony regarding age in a § 2243 prosecution. Yazzie, 976 F.2d at 1255-56. The Ninth Circuit provided five reasons why the evidence was admissible. Id. First, "the jurors could not themselves assess how old the minor looked at the time of the incident." Id. at 1255. Second, "it is . . . difficult to put into words why one believes that a person is one age and not the other," as "one's reasons for concluding that a person is a particular age are both too complex and too indefinable to set out fully." Id. at 1255-56. Third, "a witness may not know, let alone be able to report precisely, what factors induced his or her conclusion," so "the fact that the witness reached the conclusion is the important part of the testimony, not the largely undeterminable or inexplicable reasons that prompted the conclusion." Id. at 1256. Fourth, "age is a matter on which everyone has an opinion," and "[i]t is therefore particularly appropriate for a lay witness to express an opinion on the subject." Fifth, "the witnesses' opinions were especially appropriate" in a § 2243 prosecution where the defendant asserts a mistake-of-age defense, because "[i]t is relevant that others having a similar opportunity to observe the minor formed an opinion as to her age that was similar to the opinion the defendant claimed to have formed." Id. "Their testimony goes both to [the defendant]'s credibility and to the reasonableness of his belief." Id. All of these considerations, which supported reversal in Yazzie, support affirming the district court's admission of Officer Good Voice Flute's opinion regarding L.R.F.'s age.

United States v. Enterline, 894 F.2d 287, 288-91 (8th Cir. 1990), which White Calf cites for the proposition that a law enforcement officer's testimony about matters observed at the scene of a crime "is inherently suspect" and must be excluded, is inapposite. In Enterline, we merely held that an FBI agent's testimony about the contents of a computer printout, which indicated vehicles on the defendant's property had been reported stolen, was admissible under the public records exception to hearsay rule, Fed. R. Evid. 803(8)(B). Enterline does not compel a result contrary to

<u>Yazzie</u> or contrary to the district court's reasonable exercise of its discretion to admit the officer's perception of L.R.F.'s appearance and age on June 30, 2008.

## III.    CONCLUSION
We affirm.

_____