ROTH, Circuit Judge,
dissenting in part:
I concur with the majority’s conclusion regarding the issue of federal/state sentencing disparities. I disagree, however, with the majority’s decision to vacate the sentence and remand to the District Court for consideration of the alleged federal/federal sentencing disparity. I would hold, as a matter of law, that the disparity between the two federal statutes raised here is irrelevant to the consideration of sentence disparities under 18 U.S.C. § 3553(a)(6). I would, therefore, affirm the sentence imposed.
Begin pled guilty to 18 U.S.C. § 2422(b), which states:
*415 Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.
18 U.S.C. § 2422(b). Begin contends that the District Court should have considered the potential sentence he would have faced had he actually committed statutory rape in the special maritime or territorial jurisdiction of the United States and been prosecuted pursuant to 18 U.S.C. § 2243, which states:
Whoever, in the special maritime and territorial jurisdiction of the United States ... knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned not more than 15 years or both.
18 U.S.C. § 2243(a).
These are diverse statutes. Section 2422(b) was enacted as part of the Telecommunications Act of 1996 and subsequently rewritten by the Child Protection and Sexual Predator Punishment Act of 1998, which was intended as “a comprehensive response to the horrifying menace of sex crimes against children, particularly assaults facilitated by computers.” United States v. Tykarsky, 446 F.3d 458, 467 & n. 4 (3d Cir.2006) (discussing the statutory text, legislative purpose and history). It clearly contemplates situations involving the use of force or persuasion. See 18 U.S.C. § 2422(b) (specifying that perpetrator “knowingly persuades, induces, entices, or coerces” the minor).
By contrast, § 2243 was enacted as part of the Sexual Abuse Act of 1986, which modernized federal rape statutes by, inter alia, defining the offenses in gender neutral terms and expanding the offenses to reach all forms of sexual abuse of another. H.R.Rep. No. 99-594, at 10-11 (1986), as reprinted in 1986 U.S.C.C.A.N. 6186, 6190-91. Whereas other sections of the Act apply to sexual abuse involving threats or force, § 2243(a) “reaches noncoercive conduct” and prohibits sexual acts based on the victim’s age. Id. at 16-17, 1986 U.S.C.C.A.N. at 6196-97. Compare 18 U.S.C. § 2243(a) (requiring only that perpetrator “knowingly engages in a sexual act” with the victim and specifying age requirements), with 18 U.S.C. § 2241 (requiring that the perpetrator use force or threats to engage in sexual acts and omitting any reference to the victim’s age). Indeed, § 2243(a) “applies to behavior that the participants voluntarily and willingly engage in” and “is intended to reach older, mature persons who take advantage of younger, immature persons, but not to reach sexual activity between persons of comparable age.” H.R.Rep. No. 99-594, at 16, 1986 U.S.C.C.A.N. at 6197. It thus provides for a “young lovers” exception by requiring at least a four-year age difference between the perpetrator and the victim, thereby excluding consensual sex between teenagers. See 18 U.S.C. § 2243(a)(2); see also United States v. White Calf, 634 F.3d 453, 457 (8th Cir.2011) (explaining that § 2243(c)(1) also provides a narrow affirmative defense that the defendant reasonably believed that the victim had attained the age of 16, “ostensibly to ameliorate the harsh effects of the statute in cases of otherwise consensual teenage sex”).
*416 Because these two federal statutes do not address similar conduct, the disparity in their penalties is not within the scope of § 3553(a)(6), which is concerned only with “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). I believe it is within this Court’s power to make this determination as a matter of law. See, e.g., Mahmood v. Gonzales, 427 F.3d 248, 253 (3d Cir.2005) (“When the outcome is clear as a matter of law, however, remand is not necessary:”); In re Ben Franklin Hotel Assocs., 186 F.3d 301, 306 (3d Cir.1999) (“Because the record has been sufficiently developed for us to resolve this legal issue, we need not remand to the District Court to consider it in the first instance.”). I would, therefore, affirm the sentence that the District Court imposed.