**Ethan Thomas HUGHES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2013–SC–000291–DG.**

Supreme Court of Kentucky.

Oct. 23, 2014.

---

movie and then engaged in sexual intercourse. The pair also engaged in sexual intercourse two more times over the course of the weekend.

Ashley testified that she told Appellant she was sixteen years old at the time, and that she thought he believed her. Appellant testified he did in fact believe Ashley when she told him she was sixteen, that she acted and sounded older than her true age, and that he looked up her "MySpace" page, which listed her age as seventeen. He acknowledged however, that he might have been wearing "beer goggles" that weekend, impacting his judgment as to Ashley's real age.

Nine months after the pair's three-day tryst, Ashley gave birth to a child. Given Ashley's young age, the birth caught the attention of medical personnel at the hospital, who responded by alerting authorities. Police Officer Jerry Parker interviewed Appellant, who admitted to having sexual intercourse more than once with Ashley. Based on this information, Appellant was charged with second-degree rape. At trial, Appellant's defense was based on his belief that Ashley was sixteen years old at the time of the sexual encounters. At the conclusion of the trial, Appellant was convicted and sentenced as previously noted.

V. Gene Lewter, Department of Public Advocacy, counsel for appellant.

Jack Conway, Attorney General of Kentucky, Perry Thomas Ryan, Assistant Attorney General, counsel for appellee.

Opinion of the Court by Justice SCOTT.

A Crittenden Circuit Court jury found Appellant, Ethan Hughes, guilty of second-degree rape, for which he was sentenced to ten years' imprisonment. The Court of Appeals affirmed the circuit court, and this Court granted Appellant's request for discretionary review. Appellant makes the following arguments on appeal: 1) a prejudicial photograph of the victim was improperly introduced at trial, 2) a jury instruction improperly stated that the burden of proof for a defense was on Appellant, 3) the trial court erred in not permitting Appellant to call a relevant witness, and 4) the trial court improperly conducted a pseudo-deposition of a defense witness without Appellant's knowledge or presence.

## I. BACKGROUND

At the time of the sexual encounter which is the basis for this case, Appellant was nineteen years old, and the victim, Ashley,[1] was twelve years old. Late one night, after she and her mother had gone to bed, Ashley got back up to get something to eat. While up, she walked over to Appellant, who was watching television alone on the couch, and sat down beside him. They watched a few minutes of a

## II. ANALYSIS

### A. The Prejudicial Photograph

Appellant's first argument on appeal is that the trial court erred by permitting the Commonwealth to introduce a photograph at trial of Ashley lying in a hospital bed on the day after she had given birth. Specifically, Appellant argues that this photograph was irrelevant to the case, highly prejudicial, and lacked any proba-

1. We have changed the name of the minor in this opinion.

tive value. The Commonwealth disagrees and believes the photograph was both relevant and probative.

When the photograph was introduced at trial, Appellant objected on the grounds that it did not accurately reflect how Ashley looked nine months previously, during the three-day period she was around Appellant. Ashley testified that she normally wore makeup, and that she was wearing makeup when she met and engaged in sexual intercourse with Appellant. In the photograph, however, Ashley is not only wearing no makeup, but is also holding her newborn child while lying in a hospital bed. Nonetheless, the trial court overruled Appellant's objection and permitted the Commonwealth to introduce the photograph, stating that it could not be prejudicial because Appellant did not deny fathering the child.

 In order to be admissible, a photograph must be relevant, and its prejudicial effect must not substantially outweigh its probative value. *Chestnut v. Commonwealth,* 250 S.W.3d 288, 302 (Ky.2008). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. A trial court's ruling on relevancy is reviewed under an abuse of discretion standard. *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000) (citing *Justice v. Commonwealth,* 987 S.W.2d 306, 314–15 (1998)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsup-

ported by sound legal principles." *Id.* (citing *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999)).

Under these standards, we have held that a pregnancy and birth resulting from a charge of rape is not relevant to prove that rape occurred when the defendant already admits to engaging in sexual intercourse with the victim. *Romans v. Commonwealth,* 547 S.W.2d 128, 130 (Ky.1977). In *Romans,* we held that where no one questioned that the victim was raped, it was prejudicial error to allow proof that as a result of a rape, the victim had given birth to a child, stating, "[t]hat pregnancy ensued from [the rape] was utterly irrelevant and obviously calculated to incite the jury, a plain case of reckless overkill." *Id.*

The same reasoning applies here. The central issue in this case was whether Appellant believed Ashley was sixteen years old at the time of their sexual encounter. To that point, the Commonwealth had already introduced a photograph of Ashley taken within one month of the incident, wearing makeup. The hospital photograph of Ashley, however, was taken nine months after she and Appellant engaged in sexual intercourse, and depicted her not only without makeup, but also in the very vulnerable position of being a young child lying in a hospital bed, holding her own newborn. It is, in essence, a powerful and impactful picture of a child holding a child, and is irrelevant to whether Appellant believed she was sixteen years old nine months earlier.[2]

Given that we find the photograph to be irrelevant, it is unnecessary to conduct a KRE 403 analysis to determine whether

---

2. We note that had Appellant attempted to play-up his newfound fatherhood as a part of his defense, in order to win favor or sympathy with the jury, the photograph would perhaps be more relevant in this case, and less prejudicial. However, there is no evidence of this in the record. The focus of Appellant's defense was his belief that Ashley was sixteen years old at the time of their encounter. Thus, the existence of the resulting pregnancy and birth should have played no part at trial.

the photograph's probative value was substantially outweighed by its prejudicial effect. Under the circumstances that existed, the introduction of the photograph was unreasonable and unsupported by legal principles. *Goodyear Tire, supra.* Thus, we hold that the trial court abused its discretion in admitting the photograph into evidence and, because we cannot deem it harmless under the circumstances, we reverse Appellant's conviction on this issue.

■ Because reversal in this case is due to trial error rather than insufficiency of evidence, double jeopardy does not bar a retrial on the same offense. *Commonwealth v. Davidson,* 277 S.W.3d 232, 235 (Ky.2009). Although our decision to reverse at this point renders Appellant's remaining allegations of error moot, we will nonetheless address those we believe have a potential to recur if the case is retried. *See Osborne v. Keeney,* 399 S.W.3d 1, 13 n. 35 (Ky.2012) (observing that this Court has consistently engaged in this type of review).

### B. The Jury Instruction

■ Appellant's second argument on appeal is that the following instruction was improperly given to the jury:

Although you may believe from the evidence beyond a reasonable doubt that Ethan Hughes engaged in sexual intercourse with [Ashley] and that [Ashley] was less than fourteen (14) years old, and would otherwise be guilty of rape in the second degree under instruction number II, if you believe from the evidence that he believed she was at least sixteen (16) years of age, then you shall find him not guilty. You shall consider what he actually believed, and not whether it was a reasonable belief. The burden of proof for this defense is on the defendant.

The above instruction is an almost exact copy of the one provided for in Kentucky's model jury instructions. Cooper, *Kentucky Instructions to Juries, (Criminal)* § 4.–33 (rev. 5th ed.2014). However, Appellant argues that the last sentence of the instruction (not found in the model instruction) is inappropriate because there is no authority for its inclusion in the instruction, and because of its propensity to mislead the jury on how to decide the defense issue.

Appellant does not disagree that he bears the burden of proof of his defense, and we note it is clear that Appellant does in fact bear the burden of proving his lack of knowledge of Ashley's capacity to consent to sexual intercourse. *See* KRS 500.070(3) ("The defendant has the burden of proving an element of a case . . . if the statute which contains that element provides that the defendant may prove such element in exculpation of his conduct.") and KRS 510.030 ("The defendant may prove in exculpation that at the time he engaged in the conduct constituting the offense he did not know of the facts or conditions responsible for . . . incapacity to consent.").

However, the commentary on the model jury instruction for this defense, as set out in Cooper, *supra,* clearly explains that this burden of proof is already "assigned to the Defendant by requiring the jury to 'believe from the evidence' " that the defendant lacked the requisite knowledge. Thus, the language unduly emphasizes the defendant's burden in this instance. We therefore caution the trial court to be aware of this inappropriate deviation from the model instruction should retrial occur.

### C. The Trial Court's Denial of an Additional Witness for Defendant

■ Appellant's third argument on appeal is that the trial court erred in not allowing Police Detective Billy Summer to

testify at trial. Detective Summer would have testified that while speaking with Ashley she told him that she had previously lied about being sixteen years old to another boy. Appellant wanted to present this testimony in order to support his defense that he believed Ashley was sixteen years old. Additionally, he wanted to impeach her earlier testimony in which she denied telling anyone else she was sixteen years old.

The Commonwealth argued that the introduction of this testimony would violate KRE 412,[3] which bars testimony concerning a victim's prior sexual activity. The trial court agreed with the Commonwealth, and declined to allow the detective's testimony due to the alleged likelihood that the jury would speculate about Ashley's sexual history. The trial court also believed that the testimony would be irrelevant and unduly prejudicial. The Court of Appeals agreed, stating that Ashley's statements to others were irrelevant to Appellant's belief about Ashley's age. Furthermore, the Court of Appeals noted that one of Appellant's witnesses already testified that she believed Ashley was sixteen and that another witness testified that Ashley often told people she was sixteen. Therefore, the substance of Detective Summer's testimony was, in effect, already presented to the jury.

We agree with the trial court's ruling and find no error here. The jury had ample evidence contradicting Ashley's testimony to the contrary, and the detective's testimony is not likely to have made any difference.

**D. Pseudo–Deposition of Defense Witness**

Appellant's final argument on appeal concerns his exclusion from what he char-

acterizes as the "pseudo-deposition" of a defense witness, held without his knowledge. Appellant's counsel waived his client's presence at a pre-trial hearing in which the trial court previewed the witness's testimony. Because we believe this is unlikely to occur during a retrial, we decline to address whether this constituted error.

## III. CONCLUSION

Due to the erroneous introduction of the hospital photograph at trial, we reverse the decision of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

CUNNINGHAM, NOBLE, and VENTERS, JJ., join. ABRAMSON, J., dissents by separate opinion in which MINTON, C.J., and KELLER, J., join.

ABRAMSON, J., dissenting:

In early November 2008, nineteen-year-old Ethan Hughes spent a weekend as a guest in the home occupied by twelve-year-old Ashley. Although they had previously spoken on the telephone, that weekend was the first time they had seen each other face-to-face. According to the testimonies of both Hughes and Ashley, two or three times during that weekend the pair engaged in sexual intercourse. In late July 2009, while Ashley was still a few days shy of her thirteenth birthday, she gave birth to a child. Hospital personnel, concerned about the underage pregnancy, notified authorities. Eventually Hughes was identified as the likely father, and in August 2010 a Crittenden County grand jury issued an indictment charging him

---

**3.** KRE 412 states in pertinent part: "The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct ... (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior...."

with second-degree rape, as outlawed by KRS 510.050. That statute makes it a class C felony for a person "eighteen (18) years old or more ... [to] engage[ ] in sexual intercourse with another person less than fourteen (14) years old." As part of its proof that Hughes engaged in sexual intercourse with a person less than fourteen years old, the Commonwealth introduced the fact that twelve-year-old Ashley had given birth to a child, along with DNA evidence establishing with virtually no doubt that Hughes was the father of that child.

KRS 510.030 provides, among other things, that a person prosecuted for having engaged in sexual intercourse with another person who was too young to consent "may prove in exculpation that at the time he engaged in the conduct constituting the offense he did not know of the facts or conditions responsible for such incapacity to consent." Relying on this statute, Hughes testified and otherwise sought to prove that at the time of his encounter with Ashley he had been led to believe, and he actually believed, that Ashley was sixteen. To attack Hughes's credibility on this point, the Commonwealth introduced two photographs of Ashley from times nearer the event than the time of trial. (At the time of the 2012 trial Ashley was fifteen.) One of the photos was taken at a wedding Ashley attended in September 2008, some two months prior to her relationship with Hughes. The other was a photo of Ashley in a hospital bed holding her new baby the day after she gave birth in July 2009, nine months after the relationship. Hughes himself testified that both photos accurately depicted the way Ashley looked in November 2008. He insisted, however, that the girl depicted in the photos could pass for sixteen and that he had believed she was sixteen. The jury obviously disagreed, finding Hughes guilty as charged of second-degree rape.

Reversing, the majority holds that the hospital photograph was not relevant, because it depicted Ashley "not only without makeup, but also in the very vulnerable position of being a young child lying in a hospital bed, holding her own newborn." In my view, however, the trial court correctly ruled both that the photo was relevant and that its probative value was not substantially outweighed by the danger of undue prejudice. Accordingly, I respectfully dissent.

The majority relies on *Romans v. Commonwealth*, 547 S.W.2d 128 (Ky.1977), for the assertion that "a pregnancy and birth resulting from a charge of rape is not relevant to prove that rape occurred." *Romans*, however, is readily distinguishable. In that case, the defendant was charged with rape by forcible compulsion. He did not deny that the victim had been raped, but he denied that *he* was the perpetrator. At trial and over defense objection, the Commonwealth was permitted to show that as a result of the rape the victim had conceived and borne a child. Indisputably, that evidence was tied in no way to the question of the perpetrator's identity. The Court ruled that it was thus irrelevant, and because, in the Court's view, it was "obviously calculated to incite the jury," a sort of victim-impact evidence, the error was held to be reversible. *Id.* at 130.

Obviously, had there been DNA evidence in the *Romans* case establishing that the defendant was the father of the victim's child, that evidence, duly linking the child to the likely perpetrator of the crime, would have been highly relevant and admissible, notwithstanding any tendency of the pregnancy evidence to elicit sympathy for the victim. That is the situation here. Unlike the irrelevant birth evidence in *Romans*, Ashley's having given

birth was made relevant to the crime by the Commonwealth's DNA paternity evidence establishing that Hughes was the father and thus establishing that Hughes had engaged in intercourse with Ashley when Ashley was less than fourteen years old, two of the principal elements of the Commonwealth's case. (Hughes's age was established by other evidence.) The majority suggests that Hughes's admission that he engaged in intercourse with Ashley renders the birth and DNA paternity evidence inadmissible, but the rule in Kentucky has long been that "the prosecution is permitted to prove its case by competent evidence of its own choosing, and the defendant may not stipulate away the parts of the case that he does not want the jury to see." *Barnett v. Commonwealth,* 979 S.W.2d 98, 103 (Ky.1998); *Webb v. Commonwealth,* 387 S.W.3d 319 (Ky.2012) (same). Moreover, the birth of the baby was relevant to the initial involvement of law enforcement officials and their investigation of the rape. Neither Ashley nor her family reported her rape/pregnancy but the hospital notified authorities when the twelve-year-old gave birth.

Because the birth evidence was thus already properly before the jury, the trial court concluded that the hospital picture could not be deemed prejudicial, or at least that any residual prejudice would not substantially outweigh the probative value of a picture of Ashley relatively closer to the time of the incident. I agree. Clearly, it seems to me, in a trial more than three

years after the crime, the picture of Ashley only nine months after her encounter with Hughes has some tendency to make Hughes's claim that he believed Ashley was sixteen years old more or less probable than it would be without the evidence. KRE 401. The picture is relevant, in other words, notwithstanding the majority's mistaken reliance on *Romans,* and therefore admissible absent some pertinent exception to the general rule that relevant evidence is to be admitted.

One such exception, of course, the only one Hughes refers us to, is KRE 403, which permits the exclusion of relevant evidence if its "probative value is substantially outweighed by the danger of undue prejudice." Here, to be sure, as the majority observes, the hospital picture does not depict Ashley dressed as she was when Hughes met her in November 2008 or with make up as she may have been wearing at the time [4] but the fact that the picture does not depict those details did not prejudice Hughes. He was free to argue, as his counsel did argue, that the hospital photo did not represent Ashley's appearance on the night of their encounter. That argument goes, not to the admissibility of the photo evidence, but to its weight, a matter properly addressed to the jury. *See, United States v. White Calf,* 634 F.3d 453, 460 (8th Cir.2011) (holding, in a very similar underage-sex case, that a school photo of the victim taken three months after the alleged crime "plainly was relevant" to the

4. Ashley testified that she was wearing eye liner and eye shadow during that November 2008 weekend. She also testified, however, that the encounter took place when, after she had gone to bed, she got up during the night to get a drink of water and found Hughes still up watching television. The majority presumes that Ashley was, in fact, wearing makeup, and that her un-madeup hospital picture could not give a fair and accurate idea of her appearance at the time of the crime. But the

jury was not obliged to believe that Ashley wore makeup to bed at all, and even if it did believe so, several witnesses, including Hughes himself, testified that the photo accurately depicted, generally at least, how Ashley appeared at the time. Given that general likeness, the jury was competent to consider the likelihood that any amount of makeup would have made Ashley's extreme youth unrecognizable.

defendant's mistaken-age defense, and did not prejudice the defendant because he was free to challenge the weight of the photo evidence by arguing that it did not show the victim as she had appeared on the night in question); *Allen v. Commonwealth*, 395 S.W.3d 451 (Ky.2013) (citing *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky.1991) for the well-established proposition that questions of witness credibility and weight of the evidence are left to the jury). As noted above, furthermore, the photo of a very young Ashley in a hospital setting holding a baby did not prejudice Hughes because the jury was already well aware that the sexual encounter had led to the birth of a child, a child whose mother was only twelve years old. In short, the picture did not depict *anything* the jury did not already know. KRE 403, as the trial court correctly determined, does not call for the exclusion of Ashley's hospital photo.

Generally we accord a trial judge "broad discretion in determining the admissibility of photographic evidence." *Chestnut v. Commonwealth*, 250 S.W.3d 288, 302 (Ky. 2008). The majority's disingenuous "relevancy" argument misapplying *Romans* dodges the fact that the trial court clearly did not abuse its discretion here, and permits the majority to reject a result it dislikes. Ultimately, the majority substitutes its own judgment for that of the jury—a jury less inclined than the majority, it appears, to pass this crime off as an unfortunate case of "beer goggles." That is not this Court's role.

In sum, Hughes was fairly tried. When Hughes testified that he believed Ashley was sixteen, he put his credibility at issue as does any other witness. *Portuondo v. Agard*, 529 U.S. 61, 69, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000) ("When a defendant takes the stand, 'his credibility may be impeached and his testimony assailed like that of any other witness.'") (*quoting Brown v. United States*, 356 U.S. 148, 154, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958)); *Brown v. Commonwealth*, 551 S.W.2d 557, 560 (Ky.1977) ("If the defendant in a criminal case wants to be a witness, he just has to do it under the same terms and conditions and undertake the same risks and burdens as any other witness."). To challenge his credibility, the Commonwealth properly introduced two photographs of Ashley from near the time of the crime. The photos were relevant and probative, and neither of them unduly or substantially prejudiced Hughes. They accurately reflected Ashley's general appearance around the time of Hughes's alleged "mistake" regarding the girl's age, and they revealed nothing pertinent about Ashley's circumstances that the jury did not already know. To reiterate, the baby was an inescapable fact at trial because the birth brought law enforcement officers into the picture to investigate and the DNA paternity evidence was the Commonwealth's "proof positive" that Hughes had had sexual intercourse with a twelve year old. Because neither the introduction of the photos, nor any of the other errors Hughes alleges entitles him to relief,[5] I would affirm the Opinion

---

**5.** While I don't disagree with the majority's disapproval of the second-degree rape jury instruction, Hughes's counsel expressly agreed to the burden of proof language in that instruction in exchange for language to the effect that Hughes's mistaken belief about Ashley's age need not have been reasonable. Because in my view that language misstated the law in Hughes's favor, his acceptance of

the burden of proof language is altogether understandable as a matter of trial strategy and does not provide grounds for relief now. *Martin v. Commonwealth*, 409 S.W.3d 340 (Ky.2013) (noting that invited instructional errors are generally not reviewable). *See also Quisenberry v. Commonwealth*, 336 S.W.3d 19 (Ky.2011) (where alleged errors were not only unpreserved but were initiated by defendant's

of the Court of Appeals upholding the Judgment of the Crittenden Circuit Court.

MINTON, C.J.; and KELLER, J., join.

own requests in trial court, any error was waived).