**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 13 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10220 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00407-GMS-1 |
| v. | |
| GEORGE ALONZO RENTERIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Argued and submitted February 6, 2020
Phoenix, Arizona

Before:  O'SCANNLAIN, GRABER, and HURWITZ, Circuit Judges.

George Renteria was convicted after a jury trial of first-degree murder, using

a firearm during a crime of violence, and assault with a dangerous weapon.  The

district court sentenced Renteria to life imprisonment.  We have jurisdiction over

Renteria's timely appeal under 28 U.S.C. § 1291 and affirm.

1.     When taken in the light most favorable to the government, there was

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

sufficient evidence from which a reasonable jury could find premeditation. *See United States v. Reza-Ramos*, 816 F.3d 1110, 1119, 1123–24 (9th Cir. 2016); *United States v. Begay*, 673 F.3d 1038, 1043 (9th Cir. 2011) (en banc). Renteria made threats concerning the victim, drove him to a remote area, and shot him seven times. He then removed bullet casings from the scene of the murder, later disposed of other evidence, and attempted to intimidate potential witnesses from speaking to the police.

2. The district court did not abuse its discretion in admitting a recorded jail telephone call between Renteria and his brother's girlfriend. Considered with other evidence, the call was probative of Renteria's attempts to intimidate witnesses and dispose of evidence. *See* Fed. R. Evid. 401; *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). The district court did not abuse its discretion in ruling that the probative value of the call was not "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see also United States v. Barragan*, 871 F.3d 689, 702 (9th Cir. 2017).

3. The district court did not plainly err in admitting the lay opinions of a police officer who responded to the scene of the murder. *See* Fed. R. Evid. 701; *United States v. Yazzie*, 976 F.2d 1252, 1255 (9th Cir. 1992). In any event, no alleged error in admitting the testimony "affected substantial rights" or "seriously affected the fairness, integrity, or public reputation of the judicial proceedings."

2

*United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006); *see also United States v. Tydingco*, 909 F.3d 297, 304–05 (9th Cir. 2018).  Neither this testimony nor the prosecutor's comments constituted improper vouching.  *See United States v. Brooks*, 508 F.3d 1205, 1209–12 (9th Cir. 2007).

**AFFIRMED.**